# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3746 | **DATE** | 5/31/2000 |
| **CASE TITLE** | Sylvia Griffin vs. Texas Instruments, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Count I Answer paragraph 2 and 4 and Count II paragraph 2 are stricken, with leave granted to Texas Instruments to file appropriate amended responses on or before June 14, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUN 0 1 2000 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 5/31/2000 date mailed notice |
| SN | courtroom deputy's initials | 00 MAY 31 PM 2:16 Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99 C 3746 |
| | ) | |
| TEXAS INSTRUMENTS, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Texas Instruments, Incorporated ("Texas Instruments") has filed its Answer and Affirmative Defenses ("ADs") to the Amended Complaint ("AC") filed against it by Sylvia Griffin ("Griffin").[1] This memorandum order is issued sua sponte to require Texas Instruments to clean up some problems with that responsive pleading.

Count I Answer ¶¶2 and 4 and Count II ¶2 employ the device of responding in part (or maybe entirely--it's sometimes hard to tell) to allegations in the corresponding paragraphs of the AC, but then go on to say:

> Texas Instruments denies any remaining allegations inconsistent therewith.

Just as beauty may lie in the eye of the beholder, so such

---

[1] Texas Instruments has come into this action only recently as the substituted defendant in Griffin's lawsuit.

assertions leave the reader totally uninformed as to what Texas Instruments may subjectively regard as an inconsistency. Notice pleading is intended to give notice, not to leave the reader in the dark as to what the pleader is asserting. Each of those paragraphs of the Answer is accordingly stricken, with leave granted to Texas Instruments to file appropriate amended responses on or before June 14, 2000.

While on the subject of striking inappropriate pleadings, this Court also rejects Texas Instruments' repetitive coupling (in Count I Answer ¶¶6-10 and Count II ¶¶4-10) of a proper invocation of the second sentence of Fed. R. Civ. P. ("Rule") 8(b), thus providing the basis for a deemed denial of the AC's corresponding allegations, with a demand for "strict proof" of those allegations. Unless Texas Instruments' counsel can identify some reliable source for the legitimacy of that apparently meaningless demand (a subject to be addressed, if it is addressed at all, in the amended pleading referred to earlier),[2] all of those demands will also be stricken.

Finally, several of Texas Instruments' ADs need appropriate

---

[2] Is "strict" proof, to paraphrase Judge Easterbrook's characterization of "gross" negligence, simply proof with a pejorative adjective?

2

fleshing out. Here they are:

  1. AD 3 and AD 4 assert that Griffin has "fail[ed] to satisfy all conditions precedent" and has "fail[ed] to exhaust administrative remedies." Again both Griffin and this Court are left in the dark as to just what the asserted deficiencies in Griffin's presuit activity may have been. Unless Texas Instruments provides a suitable explanation in those respects as part of the earlier-referred-to amended responsive pleading, those ADs will also be stricken.

  2. By the same token, AD 5 is totally uninformative, asserting only in a conclusory fashion that Griffin's claims "are barred by the applicable statutes of limitations and the doctrine of laches." That is not a proper way to advance any AD under Rule 8(c), and again Texas Instruments must either provide a reasonable chapter and verse statement of each of those ADs or risk their loss via dismissal.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: May 31, 2000